UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAREN L. BUTLER, M.D.,

        Counterclaim-plaintiff,

    v.                                     Case No. 06-C-0706

AURORA MEDICAL GROUP, INC.,

        Counterclaim-defendant.

**ORDER DENYING MOTION TO CONSOLIDATE
AND REMANDING CASE TO STATE COURT**

      Aurora Medical Group filed a breach of contract claim against Karen L. Butler in Milwaukee County Circuit Court on April 18, 2006, alleging that she violated the non-competition provision of her employment agreement with Aurora. On June 2, 2006, Butler filed her answer and counterclaims in the state court action. Butler's counterclaims were for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and common law defamation. Aurora sought to remove the counterclaims to this court by notice of removal filed on June 20, 2006. Butler has moved this court to exercise supplemental jurisdiction over the breach of contract claim still pending in state court under 28 U.S.C. § 1367 and thereby to consolidate in this court all claims between the parties. Aurora opposes Butler's motion, claiming that this court has no authority to consolidate an action that is properly pending in state court and, in any event, the claims do not involve common questions of fact or law that would warrant consolidation.

      I agree that a federal court has no authority to consolidate a claim properly pending in state court with a claim pending it in federal court. Accordingly, Butler's motion to consolidate will be

denied. I also conclude, however, that a state court plaintiff is not authorized under 28 U.S.C. § 1441 to remove a counterclaim filed against it to federal court, even if it arises under federal law. I therefore hold that Butler's counterclaim does not fall within federal removal jurisdiction and, *sua sponte*, order it remanded to Milwaukee County Circuit Court.

**FACTS**

Aurora Medical Group, based in Milwaukee, Wisconsin, is a non-stock and not-for-profit corporation operating medical clinics and physician practices in eastern Wisconsin. (Aurora Medical Group Complaint ¶ 1.) Karen L. Butler is a physician licensed to practice in the State of Wisconsin. (*Id*. ¶ 2.) In September 2002, Aurora and Dr. Butler entered into a Physician Employment Agreement. (*Id*., Ex. A.) Included in that employment agreement was a covenant not to compete and not to solicit patients in the event Butler left Aurora (*Id*., Ex. A, §§ 6.1, 6.1.1, 6.1.2.)

On March 3, 2006, Aurora notified Butler that it had decided to terminate her employment, effective June 6, 2006, and that it intended to enforce the non-competition and non-solicitation provisions. (*Id*., Ex. A, ¶¶ 14, 15.) On March 14, 2006, Butler filed a sex discrimination charge against Aurora with the Wisconsin Equal Rights Division, which was cross-filed with the Equal Employment Opportunity Commission. On April 18, 2006, Aurora filed a breach of contract suit against Butler in Milwaukee County Circuit Court, alleging that Butler had violated the non-competition and non-solicitation provisions of the employment agreement. (*Id*. ¶¶ 19-26.) On April 19, 2006, Butler filed a charge of retaliation against Aurora with the Wisconsin Equal Rights Division, which was cross-filed with the Equal Employment Opportunity Commission. On June

6, 2006, Butler answered and counterclaimed in Milwaukee County Circuit Court, alleging: (1) that Aurora intentionally discriminated against her on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended; (2) that Aurora intentionally discriminated against her in retaliation for complaining of unlawful discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended; and (3) that Aurora intentionally and unlawfully defamed her in providing false and damaging information to patients about her reasons for leaving her job with Aurora. (Butler Answer and Counterclaims, ¶¶ 21-29.)

On June 20, 2006, Aurora filed notice that it was removing Butler's counterclaims to this court under 28 U.S.C. § 1441. (Aurora Notice of Removal.) On July 11, 2006, Butler moved this court to consolidate all claims between the parties by exercising supplemental jurisdiction over the breach of contract claim. (Butler Motion to Consolidate All Claims.)

**ANALYSIS**

Removal of a state case to federal court is authorized under 28 U.S.C. § 1441. However, several removal restrictions apply, three of which are germane here. First, the removal statutes are to be narrowly construed, in the interest of respecting state courts' jurisdiction and in the interest of judicial economy.

Second, the procedure for removal permits only the defendant–either the original defendant or a defendant joined in the original action–to remove a case. 28 U.S.C. § 1446. A counterclaim-defendant is not a defendant joined in the original action, and therefore cannot remove a state action to federal court. *See Starr v. Prairie Harbor Dev. Co.*, 900 F. Supp. 230, 233 (E.D.Wis. 1995); *FDIC v. S&I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994) ("A counter-defendant is not a

3

'defendant' within the meaning of the general removal statute."). Aurora, as the original plaintiff and the counterclaim-defendant, thus had no power to remove this case to federal court. This provision restricting removal power to the defendant reflects "the principle that the grounds for removal must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim." 14B Charles Alan Wright, Arthur R.Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721, at 319 (3d ed. 1998). Here, the grounds for removal were based on Butler's counterclaims alleging Title VII violations, not on Aurora's breach of contract claim.

Third, no applicable provision of §1441 allows Aurora to remove only *some* of the claims, as it attempted to do. Under 28 U.S.C. § 1441 (a)-(b), any civil action brought in state court and raising a federal question (as Butler's counterclaims did) may be removed by the defendant to a federal court if the action might have been brought to the federal court originally. These two subsections authorize removal of only a "civil action," not the removal of some of the claims constituting a civil action. *Archuleta v. Lacuesta*, 131 F.3d 1359, 1368 (10th Cir. 1997) (Baldock, J., dissenting) ("[T]he removal statute does not countenance the partial removal of civil actions . . . ."). In its Notice of Removal, Aurora failed to specify the precise 1441 subsection upon which it was grounding its removal of Butler's counterclaims. However, subsection 1441(c) is of no help to Aurora either. Subsection 1441(c) allows for the removal of an "entire case" whenever a separate and independent claim or cause of action raising a federal question is joined with one or more otherwise non-removable claims or causes of action. Butler's counterclaims alleging Title VII violations did raise a federal question, but her counterclaims cannot be said to have been "joined" with Aurora's original non-removable claim of breach of contract. Rather, her counterclaims were defensive in nature. *See Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir. 1984)

4

(holding improper the removal of defendant's third-party claim that was antagonistic to, rather than "joined" with, plaintiff's nonremovable claim). In addition, subsection 1441(c) is unavailing as grounds for Aurora's removal because Aurora did not remove the "entire case."

## CONCLUSION

As a counterclaim defendant, Aurora had no power to remove this case under 28 U.S.C. § 1441. Furthermore, Aurora impermissibly attempted to remove only some of the claims of the case. For the foregoing reasons, this court lacks subject matter jurisdiction over the entire matter.

**IT IS THEREFORE ORDERED** that Butler's motion for consolidation of all claims between the parties (Docket #7) is **DENIED**, and that the entire case is **REMANDED** to Milwaukee County Circuit Court. Each party shall bear their own costs, and the Clerk shall mail a certified copy of this order to the Clerk of Court for Milwaukee County pursuant to 28 U.S.C. § 1447(c).

Dated this   15th   day of August, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge